

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Satizabal v. Folino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Satizabal v. Folino" (2009). *2009 Decisions*. Paper 1666.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1666

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3056

CARLOS SATIZABAL,
                                    Appellant
v.

LOUIS FOLINO; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 06-1435)
Honorable Cynthia M. Rufe, District Judge

Submitted under Third Circuit LAR 34.1(a)
March 5, 2009

BEFORE:  BARRY and GREENBERG, Circuit Judges,
and ACKERMAN, District Judge*

(Filed: March 27, 2009)

OPINION OF THE COURT

*The Honorable Harold A. Ackerman, Senior Judge of the United States District Court
for the District of New Jersey, sitting by designation.

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a District Court order entered on June 19, 2007, denying appellant-petitioner Carlos Satizabal's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") enacted in 1996. Though the District Court wrote its own opinion, it also adopted a report and recommendation of a magistrate judge recommending that it deny the petition.

The habeas corpus proceedings arose from Satizabal's conviction in a Pennsylvania common pleas court on May 4, 2001, for attempted murder, aggravated assault, possession of an instrument of crime, and two counts of recklessly endangering another person. The Pennsylvania trial court sentenced him to a custodial term of 20 to 40 years to be followed by a consecutive term of nine years' probation. Satizabal filed an appeal to the Superior Court from his conviction, arguing that his attorney had been ineffective for failing to preserve a claim that the verdict had been against the weight of the evidence. The Superior Court affirmed his conviction. Inasmuch as Satizabal did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, the state appellate proceedings in his case ended on December 4, 2002, the last day on which he could have sought Pennsylvania Supreme Court review.

On February 16, 2003, Satizabal filed a pro se petition in a Pennsylvania common pleas court under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. (West 1998). Subsequently, the PCRA court appointed an

2

attorney to represent Satizabal in the PCRA proceedings. On August 5, 2003, the newly-appointed attorney filed an amended PCRA petition on Satizabal's behalf. The PCRA court, however, denied the amended petition on April 27, 2004, concluding that Satizabal's petition was without merit. The PCRA court, in accordance with Pennsylvania procedure, continued the matter for dismissal. The following day, April 28, 2007, the court sent a notice to Satizabal's attorney indicating that the PCRA petition would be dismissed in 20 days, and on June 29, 2004, the PCRA court entered its order formally dismissing the petition, thereby triggering a 30-day appeal period.

Satizabal, though represented by an attorney, did not file a timely notice of appeal to the Superior Court from the dismissal of the PCRA proceedings. Instead, on August 8, 2004, after expiration of the 30-day appeal period from the June 29, 2004 order, his attorney filed a nunc pro tunc Motion for Extension of Time to File a Notice of Appeal, dated August 4, 2004, with the PCRA court. The PCRA court on August 24, 2004, granted his motion and on August 31, 2004, within the time the PCRA court allowed for an appeal, Satizabal appealed to the Superior Court. Notwithstanding the PCRA's attempted allowance of an appeal on an extended time basis, the Superior Court quashed Satizabal's appeal on July 29, 2005, as it held that the notice of appeal was not timely because the PCRA court granted the extension after it had lost jurisdiction and, therefore, its order allowing the late appeal was null and void. The Superior Court accordingly believed that because the appeal to it was untimely, it lacked jurisdiction to proceed.

3

Satizabal filed a petition for allocator to the Pennsylvania Supreme Court, but that court denied his petition on March 8, 2006.

On April 5, 2006, Satizabal filed a petition for habeas corpus in the District Court claiming that: (1) the trial court violated his right to due process when it ruled that Satizabal could not present evidence of another person's motive to shoot the victim; (2) his appellate counsel had been ineffective for failing to present on direct appeal a claim relating to a motive for the crime, an argument that would have pointed to someone else as the offender; and (3) his trial counsel had been ineffective for failing to preserve Satizabal's claim that the verdict was against the weight of the evidence. By an order entered June 19, 2007, the District Court dismissed the petition as time barred. Though we see no need to repeat its calculations, we point out that the District Court's determination undoubtedly was correct unless the time for filing the habeas corpus petition had been sufficiently tolled, a possibility that the Court considered but rejected. In reaching its conclusion, the Court considered both statutory and equitable tolling but concluded that the period of statutory tolling was insufficient to save the petition and that there was no basis for equitable tolling. Nevertheless, the District Court, without making an analysis of the merits of Satizabal's claims for relief beyond stating the conclusion that Satizabal "has made a substantial showing of the denial of a constitutional right," granted him a certificate of appealability solely on the "limited issue of equitable tolling."

4

Satizabal then appealed to this Court.[1]

The District Court had jurisdiction under 28 U.S.C. § 2254 and we would have jurisdiction under 28 U.S.C. §§ 1291 and 2253 if the District Court issued a valid certificate of appealability. See United States v. Cepero, 224 F.3d 256, 259-67 (3d Cir. 2000) (en banc). In any event, we have jurisdiction to determine our jurisdiction. We exercise plenary review on this appeal. See Appel v. Horn, 250 F.3d 203, 211-12 (3d Cir. 2001).

A court may issue a certificate of appealability only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595 (2000). The Supreme Court has indicated that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The District Court centered its opinion on a detailed discussion of its procedural

_____

[1]The magistrate judge's report and recommendation did not address the substantive issues in the case.

5

determination that the petition was untimely. The Court, however, did not address the merits of Satizabal's three claims for relief and thus, as Slack makes clear, the Court did not state a basis on which it could grant a certificate of appealability.

In this regard, AEDPA requires that the grant of a certificate of appealability "indicate which specific issue or issues satisfy the [requirements set forth by the statute]." 28 U.S.C. § 2253(c)(3). Consequently, where the district court has dismissed the petition on procedural grounds, a certificate of appealability may issue only if the petitioner makes both a credible showing that the procedural ruling was incorrect and a substantive showing that the underlying habeas corpus petition alleges a deprivation of constitutional rights. Morris v. Horn, 187 F.3d 333, 340-41 (3d Cir. 1999). Clearly, obliging a petitioner to demonstrate that the dual requirements for a certificate of appealability have been met is entirely appropriate, for unless there is a possibility that an appeal would be meritorious, it would be an exercise in futility for a court of appeals to entertain an appeal from the denial of a writ of habeas corpus merely because the appeal was timely. This substantive requirement is in harmony with Congress's intent expressed in AEDPA that there be a basis for an appeal by a prisoner in a habeas case and, accordingly, that is why a petitioner must obtain a certificate of appealability as a precondition of appeal.

Inasmuch as the District Court did not address the basis on which Satizabal could obtain relief, we could dismiss this motion for want of jurisdiction on the ground that the certificate of appealability was invalid. Indeed, appellees urge us to do just that. We,

6

however, believe that in fairness to Satizabal, we should remand the case to the District Court for reconsideration of whether it will issue a certificate of appealability in accordance with the dual requirements for it to do so. On remand, the District Court may issue a certificate of appealability if it determines that Satizabal has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But if it issues a certificate of appealability, the Court should indicate the specific issue or issues on which Satizabal has made his substantive showing even if it issues the certificate of appealability solely on the procedural question involving equitable tolling.

For the foregoing reasons we will vacate the District Court's order of June 19, 2007, to the extent that the Court granted a certificate of appealability, and we will remand the case to that Court to reconsider whether to grant a certificate of appealability in accordance with the requirements set forth in this opinion. No costs shall be allowed on this appeal.